almost even with the east curb line of Fifteenth Street.

 The trial court, in directing verdicts for the defendant, stated that plaintiffs had failed to show any negligence on the part of defendant's driver. We agree. Since the car struck the side of the bus after the bus had almost cleared the intersection, the conclusion is inescapable that the bus entered the intersection first. That being so, the bus driver had the right to assume that plaintiffs' driver would yield the right of way. There is no material dispute about the facts, and the only inference which reasonably can be drawn is that the accident was caused solely by the negligence of plaintiffs' driver. Consequently, there was no issue to submit to the jury. The cases cited by plaintiffs are not applicable to this situation.

The judgment is affirmed.

H. R. Wilhoit, Grayson, R. T. Kennard, Olive Hill, for appellants.

O. F. Duval, Olive Hill, R. C. Littleton, Grayson, for appellee.

PER CURIAM.

Motion for an appeal from the Carter Circuit Court. John A. Keck, Judge.

There was sufficient evidence on the question of an illegal arrest to warrant the submission of the case to the jury. We find no errors on the trial which were prejudicial to the appellants' substantial rights.

Judgment affirmed.

### DICKISON et al. v. SHUMATE.

Court of Appeals of Kentucky.

Dec. 4, 1953.

### HAMILTON et al.

#### v.

### INTERNATIONAL UNION OF OPERATING ENGINEERS et al.

Court of Appeals of Kentucky.

Dec. 4, 1953.

